IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**TONYA J. MOORE**                                                                                          **PLAINTIFF**

**V.**                                   **No. 3:23-CV-69-DPM-ERE**

**KILOLO KIJAKAZI, Acting**
**Commissioner of Social Security**                                                  **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommendation Disposition ("RD") has been sent to United States District Chief Judge D.P. Marshall Jr. You may file objections if you disagree with the findings or conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Chief Judge Marshall can adopt this RD without independently reviewing the record.

**I.      Background**

On September 25, 2018, Ms. Tonya Moore protectively filed an application for benefits due to a back injury and sciatica. *Tr. 52, 292*.

Ms. Moore's claim was denied initially and upon reconsideration. On April 7, 2020, the Administrative Law Judge ("ALJ") issued an unfavorable decision finding that Ms. Moore was not disabled. *Tr. 49-68*. After the Appeals Council denied Ms. Moore's request for review, she filed a complaint in the Eastern

1

District of Arkansas. *Tr. 1-6; Moore v. SSA*, No. 3:20-CV-00298-JJV. An unopposed motion to remand was granted on September 27, 2021. *Moore*, Doc. No. 20. Following remand, the Appeals Council directed the ALJ to: (1) consider further Ms. Moore's impairments; (2) consider further Ms. Moore's residual functional capacity ("RFC"), with "specific reference to evidence of record," including Dr. Gocio's opinion; and (3) obtain additional evidence from the vocational expert ("VE"), if warranted. *Tr. 1353-54*.

At Ms. Moore's request, an ALJ held a second hearing on December 2, 2022, where she appeared with her lawyer, and the ALJ heard testimony from Ms. Moore and a VE. *Tr. 1379-1414*. The ALJ's December 19, 2022, decision found that Ms. Moore was not disabled. *Tr. 1350-1378*. Ms. Moore did not appeal to the Appeals Council and the Appeals Council did not review the decisions on its own. Ms. Moore timely filed this case after the decision became final. *Tr. 1351*.

Ms. Moore, who was forty-nine years old at the time of the second hearing, has a high school education and past relevant work experience as a home attendant. *Tr. 1385-86, 1408*.

## II. The ALJ's Decision[1]

The ALJ found that Ms. Moore had not engaged in substantial gainful activity since January 4, 2018, the alleged onset date. *Tr. 1356*. The ALJ concluded that Ms. Moore had the following severe impairments: lumbar degenerative disc disease; degenerative joint disease with spondylosis; sciatica; obesity; osteoarthritis; cervical spine degenerative disc disease and cervicalgia; depression; anxiety; panic disorder; post-traumatic stress disorder ("PTSD"); chronic pain syndrome; and diabetes mellitus. *Id.* However, the ALJ found that Ms. Moore did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 1357.*

According to the ALJ, Ms. Moore had the RFC to perform sedentary work, with the following limitations: (1) no climbing ladders, ropes, or scaffolds; (2) only occasional climbing ramps and stairs; (3) occasional stooping, crouching, kneeling, and crawling; (4) must avoid concentrated exposure to excessive vibration, unprotected heights, and hazardous machinery; (5) frequent bilateral overhead reaching; (6) only tasks involving simple work-related decisions, concentration,

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g); 20 C.F.R. § 416.920(a)-(g).

persistence, pace, and work instructions or procedures; (7) simple, predictable, and easily explained changes in the work setting; and (8) only occasional interaction with coworkers, supervisors, and the public. *Tr. 1359-60.*

In response to hypothetical questions incorporating the above limitations, the VE testified that a significant number of potential jobs were available in the national economy that Ms. Moore could perform, including circuit board assembler and final assembler. *Tr. 1409.* Accordingly, the ALJ determined that Ms. Moore was not disabled.

### III. Discussion

#### A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however,

"merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

### B. Ms. Moore's Arguments for Reversal

Ms. Moore contends that the Commissioner's decision is not supported by substantial evidence because the ALJ erred in: (1) failing to assess the medical findings; (2) propounding an inaccurate hypothetical question to the VE; (3) failing to analyze Ms. Moore's borderline age situation; and (4) denying benefits without supporting substantial evidence. *Doc. 9 at 11, 13, 17, 19.* After carefully reviewing and considering the record as a whole, the undersigned recommends affirming the Commissioner's decision.

### C. Analysis

#### 1. The ALJ Adequately Assessed the Medical Findings.

Ms. Moore asserts that "not only did the ALJ commit error by not evaluating every medical opinion received as required, but [he also] clearly did not properly look at all of the factors required when making credibility determinations of various physicians and consultants." *Id. at 12.*

To the contrary, the ALJ specifically reviewed and discussed the records provided by Dr. Allen Gocio, Dr. Vickie Caspall, Nurse Tami Bell, and treating therapist Robin Stein. *Tr. 1361-1367.* In fact, the ALJ spent numerous pages discussing Dr. Gocio's opinions. *Tr. 1361-1363, 1366.* The ALJ also discussed the

opinions of state agency medical consultants Dr. Jim Takach, Dr. Brett Alberty, Dr. Lisa Lowery, Dr. Darrin Campo, and Dr. Abesie Kelly. *Tr. 1365-66.*

In assessing the medical evidence, the ALJ noted that: (1) Ms. Moore received conservative treatment; (2) her treatment notes documented no significant physical examination findings and minimal mental health treatment findings; (3) she received "numerous normal mental status examinations"; and (4) portions of the medical opinions, particularly those indicating extreme physical limitations, were not supported by the medical providers' treatment notes. *Tr. 1362-67. Nolen v. Kijakazi*, 61 F.4th 575, 577 (8th Cir. 2023) (holding that a treating physician's opinion is appropriately discounted when "the discounted medical opinion conflicted with the doctor's treatment notes, other medical examinations, the claimant's activity level, and the claimant's conservative treatment plan.").

The ALJ's observations are supported by the record.

### 2. The ALJ's Hypothetical and RFC Sufficiently Accounted for All Credible Impairments and Medication Side Effects.

Ms. Moore asserts that "the ALJ's hypothetical questions never addressed all the limitations in the record and summarily found her able to perform sedentary work based upon non-examining mostly older consultative exams and non-examining physicians." *Doc. 9 at 15.* She cites quite a bit of case law, but the only case-specific argument is that the "impact of the side effects of medications and the

mental diagnoses as well as her numerous physical diagnoses" precluded even sedentary work. *Id.* at 17.

Ms. Moore summarily claims that the hypothetical and RFC are inadequate because the ALJ failed to account for all her alleged impairments. An ALJ's RFC and hypothetical only need to include all credible limitations the ALJ finds are established by the evidence. *Buckner v. Astrue*, 646 F.3d 549, 560 (8th Cir. 2011). After considering all the medical and other relevant evidence, the ALJ's RFC limited Ms. Moore to a reduced range of sedentary work based on her back and mental impairments. She has not established that further limitations were required.

"A claimant's RFC is 'the most' that the claimant can do in a work setting despite her limitations." *Schmitt v. Kijakazi*, 27 F.4th 1353, 1360 (8th Cir. 2022) (quoting 20 C.F.R. § 404.1545(a)(1)). A claimant "bears the burden of proof to establish her RFC." *Despain v. Berryhill*, 926 F.3d 1024, 1027 (8th Cir. 2019). "An ALJ determines a claimant's RFC based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [her] limitations." *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017) (quotations omitted). Ultimately, the RFC finding "is a decision reserved to the agency such that it is neither delegated to medical professionals nor determined exclusively based on the contents of medical records." *Norper v. Saul*, 964 F.3d 738, 744 (8th Cir. 2020).

Ms. Moore reported side-effects from medication in her disability claim form and at the hearing. *Tr. 355, 364, 385, 1362, 1394*. She argues the ALJ failed to consider this information in determining her RFC. However, these self-reported statements did not align with the statements she made to her treating providers, where she repeatedly denied any side-effects from medications. *Tr. 2073, 2113, 2223, 2232, 2284, 2304, 2360, 2465, 2502, 2552, 2560, 2566*. The ALJ properly noted this fact, and, apparently, rejected Ms. Moore's argument that she continued to suffer side effects from her medications.

As to mental impairments, the ALJ noted that Ms. Moore "treated her mental health impairments conservatively with therapy and medication" and that "numerous normal mental health status examinations [appear] throughout the record." *Tr. 1364*. Still, the ALJ limited Ms. Moore to "simple, routine, and repetitive work" to account for her mental impairments. *Tr. 1364*. He also recognized that she had "only mild social limitations based on [her] normal interaction and ability to travel." *Tr. 1365*. To accommodate these limitations, the ALJ restricted Ms. Moore to only "occasional interaction with coworkers, supervisors, and the public." *Tr. 1365*.

Also, the record evidence reveals that medication helped with Ms. Moore's mental impairments. *Tr. 2283, 2284, 2304*. *Perkins v. Astrue*, 648 F.3d 892, 901 (8th Cir. 2011) (holding that impairments that are well controlled with medication

do not support a finding of disability). Ms. Moore repeatedly denied depression and anxiety and reported satisfaction with her treatment. *Tr. 2233, 2269, 2283, 2304, 2352, 2359, 2367*. Notably, Ms. Moore denied any mental health issues in August 2022, reported that therapy was helping "quite a bit," and described her progress as good. *Tr. 2545, 2464-65 2512, 2516, 2524*.

As to her physical impairments, the ALJ noted Ms. Moore experienced "improvement with steroid injections"; treatment notes lacked "any significant physical examination findings"; and treatment was conservative. *Tr. 1362. Pierce v. Kijakazi*, 22 F.4th 769, 773 (8th Cir. 2022) (upholding ALJ's finding that conservative treatment tended to show that plaintiff's impairments were not disabling) (citation omitted).

Other factors also supported the ALJ's determination that Ms. Moore was able to perform a reduced range of sedentary work. In December 2021, a treating physician recommended that Ms. Moore have back surgery, but she deferred, and, to date does not appear to have had surgery. *Tr. 1362, 2542, 2598*. "A claimant who fails to follow medical advice without good reason is not entitled to disability benefits." *Kirksey v. Soc. Sec. Admin., Com'r*, No. 3:14-CV-176-DPM-JTR, 2015 WL 2152673, at *3 (E.D. Ark. Apr. 27, 2015) (citing *Tome v. Schweiker*, 724 F.2d 711, 713–14 (8th Cir. 1984)). Ms. Moore also was encouraged to lose weight but did not. *Tr. 2249, 2279*.

Treating providers advised Ms. Moore to increase her physical activity levels. *Tr. 2279, 2307, 2359, 2362, 2367, 2555, 2569, 2581, 2603.* "A lack of functional restriction on the claimant's activities is inconsistent with a disability claim where, as here, the claimant's treating physicians are recommending increased physical exercise." *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009).

Ms. Moore reported activities such as watching her five-year-old stepson, cares for her aging parents, performs light cleaning, travels with family, drives alone, and shops alone. The ALJ noted these activities in his finding. *Tr. 1364-65*. These activities of daily living are consistent with the ability to perform a reduced range of sedentary work.

The hypothetical and RFC reflected the limitations which the ALJ found to be credible, and both are supported by the medical evidence as a whole.

### 3. The ALJ Applied the Correct Age Category.

Ms. Moore argues that the "borderline situation need[ed] to be analyzed by the ALJ because (1) Ms. Moore's 50th birthday is less than eight months away from the ALJ decision and (2) the use of the age category 'closely approaching advanced age' would result in a finding of disability under Section 201.14 . . . ." *Doc. 9 at 18.*

According to the Social Security regulations, if a claimant is "within a few days to a few months of reaching an older age category, and using the older age

category would result in a determination or decision that [the claimant is] disabled," the ALJ "will consider whether to use the older age category after evaluating the overall impact of all the factors of [the] case." 20 C.F.R. § 404.1563. Ms. Moore alleges that "a few months" is eight months but cites nothing to support her claim. *Doc. 9 at 18*. "The Eighth Circuit has declined to draw a bright line regarding the definition of the phrase 'a few days or months.' Other courts, however, have held that with the appropriate showing, persons up to six months away from the next age category may be considered borderline." *Bickham v. Saul*, No. 219CV02134PKHMEF, 2020 WL 4810966, at *3 (W.D. Ark. Aug. 3, 2020) (citing cases).[2] *See also,* Hearings, Appeals, and Litigation Law Manual (HALLEX) I-2-2-42, Borderline Age, 2016 WL 1167001, at *1 (March 25, 2016) ("Generally, SSA considers a few days to a few months to mean a period not to exceed six months."). When the ALJ issued his decision, Ms. Moore was six months, two weeks, and four days from her 50th birthday. Accordingly, the ALJ was entitled to consider Ms. Moore a "[y]ounger person" rather than a person "closely approaching advanced age." 20 C.F.R. § 404.1563(c)-(d).

### 4. Substantial Evidence Supports the ALJ's Decision.

Ms. Moore's argument that substantial evidence does not support the ALJ's decision is, basically, a rehash of the RFC argument and her disagreement with the

---

[2] Report and recommendation adopted, No. 2:19-CV-2134, 2020 WL 4809455 (W.D. Ark. Aug. 18, 2020).

ALJ's conclusions. She asserts that "the ALJ's findings are totally inconsistent with the overwhelming and substantial facts in this case by treating physicians as compared to the paltry opinions of non-examining employees deemed experts by" the ALJ. *Doc. 9 at 21*.

The issue before the Court is not whether substantial evidence supports Ms. Moore's claim, but whether substantial evidence supports the ALJ's decision. "So long as substantial evidence supports the ALJ's decision, [the Court] will not reverse even if substantial evidence would have supported a contrary decision or even if [the Court] would have decided the case differently." *Pierce v. Kijakazi*, 22 F.4th 769, 771 (8th Cir. 2022). The ALJ conducted a thorough review of the medical evidence and pointed out inconsistencies between Ms. Moore's complaints and the record. Again, the ALJ properly relied on the following: (1) Ms. Moore pursued only conservative treatment (*Tr. 2231, 2551*); (2) she had "not returned to neurosurgery for additional consults" despite reporting "worsening pain and imagining" (*Tr. 1362*); (3) she did not following a recommendation for surgery (*Tr. 2542, 2598*); (4) medication controlled Ms. Moore's impairments (*Tr. 2283, 2304*); (5) Ms. Moore reported improvement in mental health with therapy (*Tr. 2226, 2464-65, 2512, 2516, 2524*); (6) treatment providers recommended an increase in her physical activity (*Tr. 2279, 2307, 2359, 2362, 2367, 2555, 2569, 2581, 2603*); (7) Ms. Moore's activities of daily living such as traveling to

Kentucky with family and taking care of family members (*Tr. 2397, 2456*); and (8) inconsistencies with proposed limitations and the actual medical records.

The record contains substantial evidence to support the ALJ's finding.

## IV.  Conclusion

The ALJ applied proper legal standards in evaluating Ms. Moore's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE RECOMMENDED that the Court affirm the Commissioner's decision and enter judgment in favor of Defendant.

So Ordered 27 September 2023.

_____
UNITED STATES MAGISTRATE JUDGE